### FISCHER v. BRADY.

(Supreme Court. Appellate Term. May 23, 1905.)

1. HUSBAND AND WIFE—LIABILITY OF HUSBAND—NECESSARIES.
Groceries bought by a wife are necessaries which the husband is bound to furnish or pay for.

2. WITNESSES—IMPEACHMENT—HOSTILITY.
In an action against a husband for necessaries furnished to his wife, evidence of the wife as to her hostile feeling towards the husband is competent to impeach her as a witness.

[Ed. Note.—For cases in point, see vol. 50, Cent. Dig. Witnesses, § 1189.]

3. APPEAL—HARMLESS ERROR—EXCLUSION OF EVIDENCE.
Refusal to permit defendant's wife to testify to her hostile feeling against defendant was not ground for reversal, where her hostility sufficiently appeared from the evidence in the case.

[Ed. Note.—For cases in point, see vol. 3, Cent. Dig. Appeal and Error, §§ 4161–4170.]

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by Henry Fischer against Daniel M. Brady. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before SCOTT, P. J., and TRUAX and DOWLING, JJ.

Adams & McIntyre (Jno. J. Adams and Jno. M. Stearns, of counsel), for appellant.
Stern & Sundheimer, for respondent.

PER CURIAM. This is an action for $89.76 for groceries sold and delivered on the order of defendant's wife. The period cov-

ered is from September 13 to December 3, 1904, and articles furnished were household goods of the character usually known as groceries. Mrs. Brady first began to deal with plaintiff in September, having been induced to do so by a salesman through whom she had previously bought similar goods from other grocers by whom he had been employed. Down to October 8, 1904, the defendant occupied, with his wife, the house in which they had lived together for many years, and to which the goods sued for were delivered. On October 8th he left the house, and he and his wife thereafter lived apart. It did not appear that plaintiff was informed, during the period in question, of the fact that defendant and his wife had ceased to live together.

The defendant relies upon two defenses: He claims that it was not made to appear affirmatively that the goods furnished were necessary. They were, however, of the kind usually denominated "necessaries," because their need is common to all persons, and the amount bought was not excessive, considering the apparent position and means of the parties.

The second defense to the claim, and the one on which defendant most relies, is his assertion that he supplied his wife liberally with money with which to purchase necessaries. The proof falls far short of his assertion. He constantly reiterates that he was in the habit of paying to her, or for bills contracted by her, from $900 to $1,500 per month. The proof is that during the period in question he paid her in cash very much less, and that, of the amounts he did pay her, considerable sums were given specifically to pay her board and expenses while visiting out of the city. It also appears that he had never been in the habit of making her an allowance or furnishing her with money to pay household bills, but that he went over all the bills himself, and either paid them by checks direct to the tradesmen, or gave money to the servants with which to pay them. The appellant has furnished us with a most elaborate and interesting brief upon the subject of the immunity of a husband from paying bills contracted by his wife, when it is made to appear that the husband has himself furnished his wife with necessaries, or has made her an adequate allowance for that purpose. The difficulty with the appellant's case is that the facts, certainly so far as concerns the period covered by the plaintiff's claim, do not fit the undoubted law to which we have been referred. It does not appear that during that period the defendant furnished his wife with anything, or made her an allowance reasonably commensurate with her position and needs. The court fairly presented to the jury the question whether the goods were sold on the wife's credit, and whether the defendant has supplied his wife for her support with a reasonable and adequate allowance suitable to her mode of living and station in life, and upon both questions the jury found against the defendant.

The court should have allowed the wife to answer the question as to her hostile feeling toward her husband, but the only effect of an affirmative answer would have been to qualify the effect of her testimony in the eyes of the jury. There was abundant

evidence in the case of the relations between the defendant and his wife, and of their feelings toward each other, so that the jury can hardly be left in doubt at the end as to the hostility of the wife's feelings toward her husband.

The judgment is affirmed, with costs.